**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 10-5243**

───────────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

JEREMY SCOTT LEMMOND,

             Defendant – Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:09-cr-00192-RJC-1)

───────────────

Submitted:  September 13, 2011        Decided:  September 15, 2011

───────────────

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

───────────────

Vacated and remanded by unpublished per curiam opinion.

───────────────

Claire J. Rauscher, Executive Director, Ross H. Richardson, Assistant Federal Defender, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Laura L. Ferris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Scott Lemmond appeals his 188-month sentence following his guilty plea to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2006). On appeal, Lemmond argues that the district court erred in sentencing him as a career offender under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2010) because neither of the two prior convictions on which that classification was based—two North Carolina state convictions for larceny from the person, in violation of N.C. Gen. Stat. § 14-72(b)(1) (2009)—were punishable by imprisonment for a term exceeding one year. We vacate and remand for resentencing.

A defendant is properly designated a career offender if: (1) he was at least eighteen years old at the time he committed the instant offense; (2) the instant offense is a felony crime of violence or controlled substance offense; and (3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). An offense does not qualify as a "crime of violence" or a "controlled substance offense" unless it is "punishable by imprisonment for a term exceeding one year." USSG § 4B1.2(a).

Lemmond argues that his prior crimes were each punishable by no more than one year of imprisonment. See N.C.

2

Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting forth minimum and maximum sentences applicable under North Carolina's sentencing scheme). When Lemmond raised this argument in the district court, it was foreclosed by our decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). Subsequently, however, we overruled Harp with our en banc decision in United States v. Simmons, ___ F.3d ___, No. 08-4475, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc), in which the defendant raised a similar argument under the Controlled Substances Act. In light of Simmons, we vacate the district court's judgment and remand to the district court for resentencing.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

* The Government does not dispute Lemmond's assertion that his prior North Carolina state convictions are Class H offenses. The record on appeal, however, does not disclose Lemmond's prior record level or whether the state sentencing court made findings of mitigating or aggravating circumstances. See Simmons, 2011 WL 3607266, at *5 (stating that, for prior North Carolina convictions where no aggravating or mitigating circumstances are present, test is whether defendant could receive more than one year in prison based upon his offense class and prior record level). We express no opinion as to whether Lemmond's prior state convictions qualify as career offender predicates and leave this determination to the district court on remand.

3